

January 8, 2026

VIA CM/ECF

Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

RE: *Iowa Safe Schools v. Reynolds* (No. 25-2186) – Response to Appellants' Rule 28(j) Letter re: *Mirabelli v. Olson*

Dear Ms. Bindler:

Plaintiffs-Appellees respond to Defendants-Appellants' Rule 28(j) letter regarding *Mirabelli v. Olson*, 2025 WL 3713588 (S.D. Cal. Dec. 22, 2025). *Mirabelli* is inapposite and provides no guidance for this Court's resolution of Appellees' vagueness challenge to Iowa Code § 279.78(3).

*Mirabelli* involved no vagueness challenge whatsoever. The California district court addressed whether parental exclusion policies violated parents' substantive due process rights under the Fourteenth Amendment, and parents' free exercise rights and teachers' free speech rights under the First Amendment. *Id.* at *6-27. Appellees' claims here are fundamentally different—they challenge Iowa's parental notification provision as unconstitutionally vague because educators cannot ascertain what conduct triggers mandatory disclosure. The constitutional doctrines are entirely distinct.

The factual differences further distinguish these cases. California's State Department of Education's "Parental Exclusion Policies" restrains a teacher from informing a parent about a transgender student's preferred name and pronoun unless the student consents. *Mirabelli*, 2025 WL 3713588, at *4. The *Mirabelli* court made explicit that the order does not apply to forced disclosure by teachers. *Id.* Iowa's statute, by contrast, mandates notification without consent when a student "requests an accommodation that is intended to affirm the student's gender identity." Iowa Code § 279.78(3). As the district court correctly found, the term "accommodation" is undefined and "capacious," leaving educators without fair notice of when the reporting obligation applies, except in the narrow circumstance in which a student uses a pronoun different than the one assigned to the student's school records. (App. at 558-59.) The district court properly enjoined enforcement of the undefined "accommodation" language while permitting enforcement of the pronoun-specific provision. (App. at 559-60.)

Critically, Appellees do not argue that teachers can be prohibited from voluntarily informing parents about pronoun requests—the precise issue in *Mirabelli*. Rather, Appellees challenge Iowa's mandatory disclosure requirement as too vague to enforce. Because *Mirabelli*





does not include any vagueness challenge or analysis at all, it bears no relevance to this Court's review of the Appellee's vagueness claim or the district court's vagueness analysis relating to the mandatory disclosure requirement.


Respectfully submitted,

/s/ Nathan A. Maxwell
Nathan A. Maxwell
Lambda Legal Defense and Education Fund, Inc.

Cc: All counsel of record (via CM/ECF)



**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Nathan A. Maxwell
Nathan A. Maxwell


Dated: January 8, 2026

Lambda Legal  +  3656 N. Halsted St., Chicago, IL 60613-5974  +  www.lambdalegal.org